IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD P. REEDY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1525-GMS |
| | ) | Cr. A. No. 02-97-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

---

Christopher S. Koyste, Assistant Public Defender, Federal Public Defender's Office, Wilmington, Delaware.  Attorney for petitioner.

Shannon Thee Hanson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for respondent.

---

Feb 5      , 2007
Wilmington, Delaware

SLEET, District Judge

## I.    INTRODUCTION

Petitioner Richard P. Reedy filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255.  (D.I. 45.)  The Government filed its answer in opposition, and

Reedy filed a reply brief.  (D.I. 50; D.I. 51.)  For the reasons discussed, the court will deny

Reedy's § 2255 motion without holding an evidentiary hearing.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On February 20, 2003, Reedy entered a guilty plea to two counts of bankruptcy fraud in

violation of 18 U.S.C. § 157(3).  The court sentenced Reedy on December 17, 2003 to a total of

68 months imprisonment, 3 years of supervised release, a $200 special assessment, and payment

of restitution in the amount of $616,143.  Reedy's judgment of conviction was entered on

December 18, 2003.

Reedy did not file a direct appeal.  Instead, on December 16, 2004, Reedy filed the

pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Reedy's timely filed § 2255 motion is ready for review.[1]

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616, 619 n.1 (3d Cir. 1998).  Reedy did not appeal his conviction, therefore, AEDPA's one-year filing period began to run on January 6, 2004, the day after the [10 day period] for filing such an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1)(A)(imposing a 10 day period in which to file a timely notice of appeal); Fed. R. App. P.  26(a)(excluding Saturdays, Sundays, Christmas, and New Years Day when the period is less than 11 days); *see Wilson v. Beard*, 426 F.3d 653, 662-63 (holding that Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period). Thus, Reedy timely filed his § 2255 motion on December 16, 2004.

1

III.   **DISCUSSION**

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances.

*See Brecht v. Abrahamson,* 507 U.S. 619 (1993).  Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be
> released on the ground that the sentence was imposed in violation of the Constitution
> or laws of the Untied States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized by law or is
> otherwise subject to collateral attack, may move the court which imposed the sentence to
> vacate, set aside or correct the sentence.

Although § 2255 includes a provision for a prompt evidentiary hearing, a federal court may deny

a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records

of the case conclusively show" that the petitioner is not entitled to relief.   28 U.S.C. § 2255;  *see*

*also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005);  *United States v. McCoy,* 410

F.3d 124, 131 (3d Cir. 2005);  Rule 8(a)*,* 28 U.S.C. foll. § 2255.

Reedy asserts one claim in his § 2255 motion, namely, that his 68 month sentence is

illegal under *Blakely v. Washington*, 542 U.S. 296 (2004) because the plea agreement and

indictment do not state, and he did not stipulate, that his offense included ten or more victims or

that the offense involved the abuse of a position of public trust.   Reedy contends that, without

those two enhancements, the appropriate range for his sentence would have been between 41 and

51 months rather than the range of 63 to 78 months as determined by the court.   (D.I. 45, at 3.)

Although Reedy cites *Blakely* as the relevant authority, the issue he raises challenges the court's

application of the federal sentencing guidelines and is more appropriately raised pursuant to

*United States v. Booker,* 543 U.S. 220 (2005).  *See Lloyd v. United States*, 407 F.3d 608, 611 (3d

Cir. 2005).   Thus, the court will review the claim pursuant to *Booker*.

2

The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616.  Here, the record conclusively shows that Reedy's judgment of conviction became final in January 2004,[2] well before the date on which *Booker* was issued.  Thus, the court will deny Reedy's § 2255 motion without an evidentiary hearing because the principles announced in *Booke*r do not apply retroactively to Reedy's case.

## IV.   CONCLUSION

For the reasons stated, the court will dismiss Reedy's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  Additionally, the court will not issue a certificate of appealability because Reedy's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable.  *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right.");  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2.  The court shall issue an appropriate order.

---

[2]The court entered Reedy's judgment of conviction on December 18, 2003, and he did not file a direct appeal.  Therefore, his judgment of conviction became final on January 5, 2004. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD P. REEDY,                    )
                                     )
              Petitioner,            )
                                     )
v.                                   )          Civ. A. No. 04-1525-GMS
                                     )          Cr. A. No. 02-97-GMS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )

## ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS

HEREBY ORDERED that:

1.      Petitioner Richard Reedy's  motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED.  (D.I.

45.)

2.      The court declines to issue a certificate of appealability because Reedy has failed

to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).


Feb 5    , 2007

Wilmington, Delaware                          UNITED STATES DISTRICT JUDGE



FILED

FEB - 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE